**Robert K. Meyer, OSB No. 086470**
robert@oregonworkplacelaw.com
**Sharia Mayfield, OSB No. 164359**
sharia@oregonworkplacelaw.com
1000 SW Broadway, # 2300
Portland, OR 97205
Phone: (503) 459-4010
Fax: (503) 914-1461

Of Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **CHERISH NUNNALLY**, an individual,<br><br>Plaintiff,<br><br>v.<br><br>**THE SPRINGS LIVING LLC, an Oregon limited liability company; SPRING CARMAN OAKS OPERATOR, LLC, dba THE SPRINGS AT CARMAN OAKS, an Oregon limited liability company,**<br><br>Defendants. | Case No.: 3:24-v-00554<br><br>**COMPLAINT FOR WAGE VIOLATIONS:** State Wage and Hour Violations: ORS 652.120, ORS 652.140; Federal Wage and Hour Violations: FLSA Collective Action 29 U.S.C. §§ 203(s), 206, 207, 215, 216<br><br>**COMPLAINT FOR UNLAWFUL EMPLOYMENT PRACTICES:** ORS 659A.199; ORS 659A.355; ORS 659A.030(b); ORS 659A.030(1)(f); ORS 653.641(2); 42 U.S.C. § 2000e-2; Wrongful Termination<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Cherish Nunnally, by and through undersigned counsel, makes the following

complaint against her former employer, Defendants The Springs Living LLC (hereafter "TSL")

and Spring Carman Oaks Operator, LLC, dba The Springs at Carman Oaks (hereafter "Carman

MEYER EMPLOYMENT LAW
1000 SW BROADWAY STE 2300
PORTLAND, OR 97205
VOICE: (503) 459-4010
FAX: (503) 512-5022

Oaks") (Defendants are collectively referred to hereafter as "The Springs," Defendant, or Defendants, unless otherwise specified) alleging as follows:

## NATURE OF THE ACTION

1.

Plaintiff brings this action for monetary relief, damages, costs, punitive damages and attorneys' fees for herself to redress injuries done to her by The Springs and officers, employees or agents of The Springs in contravention of her state and federally protected rights under ORS 652.120, ORS 652.140; Federal Wage and Hour Violations: 29 U.S.C. §§ 203(s), 206, 207, & 29 U.S.C. § 215; ORS 659A.199; ORS 659A.355; ORS 659A.030(b); 42 U.S.C. § 2000e-2.

## JURISDICTIONAL ALLEGATIONS

2.

Plaintiff is a resident of Oregon City, Oregon.

3.

Carman Oaks is a domestic limited liability company with its principal place of business in Lake Oswego, Oregon. TSL is a domestic limited liability company with its principal place of business in McMinnville, Oregon.  TSL and Carman Oaks were an integrated enterprise, joint employers and/or aided and abetted one another at all relevant times.  At all material times, The Springs was Plaintiff's employer and conducted regular and sustained business activities in Clackamas County, Oregon.

//

//

//

**COMPLAINT**

MEYER EMPLOYMENT LAW
1000 SW BROADWAY STE 2300
PORTLAND, OR 97205
VOICE: (503) 459-4010
FAX: (503) 512-5022

4.

At all material times, Plaintiff was supervised by The Springs employees or agents and Plaintiff relied on the actual or apparent authority of The Springs' employees, supervisors, and managers.

5.

This Court has jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §§ 1331, 1343, FLSA, as amended (29 U.S.C. §201, et seq.), and supplemental jurisdiction over Plaintiffs' state claims pursuant to 42 U.S.C. § 1367 as the state claims arise from the same nucleus of operative facts as the federal claims.

6.

Venue is proper within the District of Oregon, Portland Division, pursuant to 28 U.S.C. § 1391(b) because all or substantially all of Plaintiff's claims arose in this judicial district.

7.

Plaintiff filed timely claims with Oregon's Bureau of Labor and Industries ("BOLI") raising the issues alleged herein, and those claims were further timely dual-filed with the Equal Employment Opportunity Commission ("EEOC").

## FACTUAL ALLEGATIONS

8.

The Springs hired Plaintiff as a Resident Services Coordinator on or around August 22, 2022.

9.

In or around January 2023, Melissa Doyle was promoted to Business Office Manager and on-site HR. Plaintiff spoke to Doyle about applying to Doyle's former role as Health Services

**COMPLAINT**

MEYER EMPLOYMENT LAW
1000 SW BROADWAY STE 2300
PORTLAND, OR 97205
VOICE: (503) 459-4010
FAX: (503) 512-5022

Administrator. Doyle responded by informing Plaintiff that she was unlikely to be promoted to this role because of her age and status as a single mother.

10.

Throughout Plaintiff's employment at The Springs, Doyle frequently made negative comments about single mothers, including describing Plaintiff as "using the single mom card" when she needed to take time off from work for childcare or to tend to a sick child. Male staff members and married female staff members were not subjected to this criticism, or to scrutiny about their use of sick time leave and other leave.

11.

While working as a Resident Services Coordinator, Doyle asked Plaintiff if she wanted to take on the staffing phone and let her know that if she agreed, she would be provided overtime or bonus pay. After managing the staffing phone for two months without receiving additional pay, Plaintiff raised her concerns to Executive Director, Donna Archer. In addition to her wage inquiry, Plaintiff confided in Archer that the excessive hours were negatively affecting her mental health and her children. Archer responded by telling Plaintiff to stop being a "sissy pants" and to "suck it up buttercup."

12.

In or around March 2023, despite Doyle's discouragement, Plaintiff was promoted to Health Services Administrator.  From March until the end of Plaintiff's employment, The Springs misclassified Plaintiff as an exempt employee.  In fact, her job did not qualify for any exemption and she should have been paid for all hours worked, including overtime pay.

13.

Despite Defendant listing Plaintiff as a salaried, exempt employee in the Health Services

**COMPLAINT**

MEYER EMPLOYMENT LAW
1000 SW BROADWAY STE 2300
PORTLAND, OR 97205
VOICE: (503) 459-4010
FAX: (503) 512-5022

Administrator position, Plaintiff was routinely called in on a weekly basis to cover shifts for other, non-exempt employees. This practice resulted in Plaintiff spending well over 20% of her time on duties not directly and closely related to exempt duties.

14.

In addition, while working as the Health Services Administrator, Defendant's management had a practice of regularly overriding Plaintiff's managerial decisions, effectively eliminating her ability to exercise discretion and independent judgement.  As a result, Plaintiff's primary duty did *not* include the exercise of discretion and independent judgment with respect to matters of significance.

15.

In or around June 2023, Plaintiff reported to corporate HR that she believed The Springs owed her unpaid overtime wages from August 2022 to March 2023.

16.

On or around June 12, 2023, Plaintiff had a meeting with Executive Director Tim Minks. Minks began asking Plaintiff multiple vague questions about Doyle. Due to previous retaliation she had experienced following complaints about Doyle, Plaintiff refrained from raising any concerns. Minks concluded the meeting by placing Plaintiff on an unpaid suspension without any explanation.

17.

On or around June 17, 2023, Plaintiff initiated a BOLI complaint concerning her employer's misconduct.

18.

On or around June 22, 2023, while still on suspension, Plaintiff sent an email to Minks

MEYER EMPLOYMENT LAW
1000 SW BROADWAY STE 2300
PORTLAND, OR 97205
VOICE: (503) 459-4010
FAX: (503) 512-5022

letting him know that she had refrained from voicing her concerns in their June 12 meeting, but decided she wanted to bring some things to his attention. In her email she reiterated issues including but not limited to a wage inquiry, sex discrimination, and unsafe/unsanitary conditions for residents. She also described how Doyle had lied to Adult Protective Services after a complaint had been filed against her for placing locks on a resident's bathroom door and how Doyle had left residents in soiled garments on multiple occasions.

19.

On or around June 27, 2023, Plaintiff returned to work from suspension.

20.

On or around July 3, 2023, Minks issued a write-up to Plaintiff for insubordination for allowing a staffing agency to work as caregivers a week and a half longer than was approved by corporate.  However, as Minks and the Springs knew, Plaintiff had to use the staffing agency to keep The Springs in compliance with the law due to The Springs' lack of sufficient permanent staffing. The Springs management had received Plaintiff's reports of concerns with legal violations related to staffing but failed to address the concerns.  As such, Plaintiff had no other choice but to use the staffing agency in order to make sure the residents had proper care in compliance with Oregon laws, rules and regulations.

21.

On or around July 5, 2023, Oregon DHS was conducting an investigation following reports of inadequate staffing and care at The Springs. When DHS asked Plaintiff about staffing, she informed them of her concerns regarding inadequate staffing and that she has just been disciplined for attempting to properly staff the facility.   On information and belief, The Springs management learned of Plaintiff's reports to Oregon DHS.

**COMPLAINT**

MEYER EMPLOYMENT LAW
1000 SW BROADWAY STE 2300
PORTLAND, OR 97205
VOICE: (503) 459-4010
FAX: (503) 512-5022

22.

On or around July 11, 2023, Plaintiff was informed she was being terminated for performance issues.

### First Claim for Relief
**Whistleblower Retaliation – ORS 659A.199**
**(Against All Defendants)**

23.

Plaintiff re-alleges and incorporates by reference the facts and allegations set forth in the prior paragraphs of this complaint.

24.

Defendant retaliated against Plaintiff in the terms and conditions of her employment by terminating Plaintiff in substantial part for her reporting in good faith evidence of violations of state laws, rules, or regulations, including but not limited to: not being paid her wages in violation of the law, being unlawfully disparately treated on the basis of her sex and single mother status, safety/hygiene issues relating to patients, and evidence of insufficient staffing in violation of OAR 411-054-0070.

25.

As a result of Defendant's unlawful conduct, Plaintiff has incurred and continues to incur economic damages in an amount to be proven at trial.

26.

As a direct and proximate result of Defendant's conduct, Plaintiff has suffered and will continue to suffer mental stress, humiliation, inconvenience and loss of enjoyment of life all to her non-pecuniary loss in an amount to be determined at trial.

MEYER EMPLOYMENT LAW
1000 SW BROADWAY STE 2300
PORTLAND, OR 97205
VOICE: (503) 459-4010
FAX: (503) 512-5022

27.

Defendant's conduct was wanton and willful and Plaintiff reserves her right to amend to add a claim for punitive damages.

28.

Plaintiff is entitled to recover her costs and attorneys' fees pursuant to ORS 659A.885.

**<u>Second Claim for Relief</u>**
**Sex Discrimination – 42 U.S.C. § 2000e-2**
**(Against Carman Oaks Operator, LLC)**

29.

Plaintiff re-alleges damages and incorporates by reference the facts and allegations set forth in the prior paragraphs of this complaint.

30.

The Springs is a "person" within the meaning of 42 U.S.C. § 2000e(a), and an "employer" within the meaning of 42 U.S.C. § 2000e(b).

31.

Defendant discriminated against Plaintiff in substantial or motivating part because of her sex in, *inter alia*, one or more of the following ways:

- When Defendant's manager, Melissa Doyle, attempted to interfere with Plaintiff's promotion because of her status as a woman and single mother.

- Failing to address Plaintiff's complaints about sexist comments from Defendant's management team.

- By accusing Plaintiff of using the "mom card" as an excuse to use her state and federally protected rights to family/sick leave.

- By referring to Plaintiff as a "sissy pants" when she confided in Archer that her

MEYER EMPLOYMENT LAW
1000 SW BROADWAY STE 2300
PORTLAND, OR 97205
VOICE: (503) 459-4010
FAX: (503) 512-5022

excessive work hours were negatively affecting Plaintiff's children.

32.

As a result of Defendant's unlawful conduct, Plaintiff has incurred and continues to incur economic damages in an amount to be proven at trial.

33.

As a direct and proximate result of Defendant's conduct, Plaintiff has suffered and will continue to suffer mental stress, humiliation, inconvenience, and loss of enjoyment of life all to her non-pecuniary loss in an amount to be determined at trial.

34.

Plaintiff is entitled to an award of attorney fees, expert witness fees and costs incurred herein, pursuant to 42 U.S.C. § 1988(c), 42 U.S.C. § 2000e-5(k)

**Third Claim for Relief**
**Wage Inquiry Retaliation – ORS 659A.355**
**(Against All Defendants)**

35.

Plaintiff re-alleges and incorporates by reference the prior paragraphs of this complaint.

36.

ORS 659A.355 prohibits employers from retaliating against an employee for making a wage inquiry. Defendants retaliated against Plaintiff by terminating her employment in response to her inquiring about unpaid wages.

37.

Plaintiff re-alleges damages as set forth above. Plaintiff is entitled to attorney fees and costs pursuant to ORS 659A.885.

MEYER EMPLOYMENT LAW
1000 SW BROADWAY STE 2300
PORTLAND, OR 97205
VOICE: (503) 459-4010
FAX: (503) 512-5022

**Fourth Claim for Relief**
**Failure to Pay Overtime Wages Based on Regular Rate of Pay in Violation of the**
**FLSA – 29 U.S.C. 201 et seq**
**(Against All Defendants)**

38.

Plaintiff re-alleges and incorporates by reference the prior paragraphs of this complaint.

39.

Defendant has been an "enterprise," as defined in FLSA Sections 3(r), 29 U.S.C. § 203(r), with business activities that are related and performed through unified operation or common control for a common business purpose.

40.

Defendant violated and continues to violate FLSA, 29 U.S.C. §§ 206 and 215(a)(2), by failing to pay Plaintiff at least the overtime wages for all overtime hours worked in all workweeks. Plaintiff on multiple occasions during her employment worked several days or weeks at a time without proper overtime pay, despite her frequent wage complaints.

41.

Defendant failed to properly calculate Plaintiff's Regular Rate of Pay and/or misclassified Plaintiff as an exempt employee.

42.

By failing to compensate its nonexempt employee, Plaintiff, Defendant violated and continue to violate the FLSA, 29 U.S.C. § 201 et seq., including 29 U.S.C. § 206(a)(1) and § 215(a).

43.

Pursuant to Section 16(c) of the FLSA, 29 U.S.C. § 216(c), Plaintiff is entitled to any

**COMPLAINT**

MEYER EMPLOYMENT LAW
1000 SW BROADWAY STE 2300
PORTLAND, OR 97205
VOICE: (503) 459-4010
FAX: (503) 512-5022

minimum wage and overtime compensation found by the Court to be due to Plaintiff plus an additional equal amount in liquidated damages and attorney's fees and costs.

**Fifth Claim for Relief**
**Sex Discrimination – ORS 659A.030(b)**
**(Against All Defendants)**

44.

Plaintiff re-alleges damages and incorporates by reference the facts and allegations set forth in the prior paragraphs of this complaint.

45.

ORS 659A.030 prohibits an employer from discriminating against an employee through compensation, the terms, conditions, or privileges of employment based on that person's sex.

46.

Defendant violated ORS 659A.030(b) by subjecting Plaintiff to adverse employment actions including, but not limited to oppressive work conditions and terminating Plaintiff's employment.

47.

Plaintiff re-alleges her damages above and is entitled to recover her costs and attorneys' fees pursuant to ORS 659A.885

**Sixth Claim for Relief**
**Marital Status Discrimination – ORS 659A.030(b)**
**(Against All Defendants)**

48.

Plaintiff re-alleges damages and incorporates by reference the facts and allegations set forth in the prior paragraphs of this complaint.

**COMPLAINT**

MEYER EMPLOYMENT LAW
1000 SW BROADWAY STE 2300
PORTLAND, OR 97205
VOICE: (503) 459-4010
FAX: (503) 512-5022

49.

ORS 659A.030 prohibits an employer from discriminating against an employee through compensation, the terms, conditions, or privileges of employment based on that person's marital status.

50.

Defendant violated ORS 659A.030(b) by subjecting Plaintiff to adverse employment actions including, but not limited to oppressive work conditions and terminating Plaintiff's employment.

51.

Plaintiff re-alleges her damages above and is entitled to recover her costs and attorneys' fees pursuant to ORS 659A.885

## Seventh Claim for Relief
### Retaliation for Aiding a DHS Investigation – ORS 659A.233
### (Against All Defendants)

52.

Plaintiff re-alleges and incorporates by reference the facts and allegations set forth in the prior paragraphs of this complaint.

53.

At all relevant times, Defendant's The Springs at Carman Oaks facility was a health care facility and a residential care facility.

MEYER EMPLOYMENT LAW
1000 SW BROADWAY STE 2300
PORTLAND, OR 97205
VOICE: (503) 459-4010
FAX: (503) 512-5022

54.

Plaintiff's expression of concern over the safety of residents to management and cooperation in a DHS investigation constituted protected activity under ORS 441.057 and ORS 443.400 to ORS 443.455.

55.

Defendant terminated Plaintiff's employment because of her protected conduct as alleged herein.

56.

Defendant's termination of Plaintiff's employment violated ORS 659A.233.

57.

Plaintiff realleges her damages as set forth above.

**Eighth Claim for Relief**
**Failure to Pay Overtime Wages Free and Clear – 29 U.S.C. 201 *et seq*.**
**(Against All Defendants)**

58.

Plaintiff alleges and incorporates by reference all prior paragraphs.

59.

At all material times herein, Defendants were and are an "employer" within the meaning of the FLSA.

60.

At all material times herein, Defendant was and continues to be an "enterprise" under the FLSA.

**COMPLAINT**

MEYER EMPLOYMENT LAW
1000 SW BROADWAY STE 2300
PORTLAND, OR 97205
VOICE: (503) 459-4010
FAX: (503) 512-5022

61.

The FLSA requires each covered employer such as Defendants to compensate all hourly employees the minimum wage "free and clear" under 29 U.S.C. §§206 and 207(a) for all time spent working.

62.

Plaintiff was not exempt from minimum wage and overtime provisions of the FLSA.

63.

Defendant failed to properly compensate Plaintiff at the rate of one and one-half times the lawfully required regular rate for all weeks in which overtime was actually worked. This constitutes a violation of 29 U.S.C. §207(a), causing damages to Plaintiff in an amount to be determined at trial.

64.

By failing to compensate its nonexempt employees, including Plaintiff, Defendant violated and continue to violate the FLSA, 29 U.S.C. § 201 et seq., including 29 U.S.C. § 207(a)(1) and § 215(a).

65.

Plaintiff is entitled to damages in the amount of their respective unpaid compensation, plus liquidated damages as provided by the FLSA, 29 U.S.C. § 216(b) and such other legal and equitable relief as the Court deems just and proper.

66.

Plaintiff requests recovery of attorneys' fees and costs associated with this case under 29 U.S.C. § 216(b).

MEYER EMPLOYMENT LAW
1000 SW BROADWAY STE 2300
PORTLAND, OR 97205
VOICE: (503) 459-4010
FAX: (503) 512-5022

**Ninth Claim for Relief**
**FLSA Retaliation – 29 U.S.C. 215(a)(3)**
**(Against All Defendants)**

67.

All previous paragraphs are incorporated by reference herein.

68.

Defendant is an employer within the meaning of 29 U.S.C. §203. Plaintiff is an employee within the meaning of 29 U.S.C. §203. Plaintiff engaged in protected activity when she complained about Defendants' violations of the FLSA including but limited to as alleged above.

69.

Defendant, through the actions of its agents, retaliated against Plaintiff because her engaging in protected activity under the FLSA, including but not limited to terminating her after her filing of a BOLI complaint and complaints to her superiors about her lack of proper pay.

70.

As a result of Defendant's retaliation, Plaintiff has suffered economic damages and non-economic damages in an amount to be determined at trial. Plaintiff requests all compensatory damages, punitive damages, liquidated damages and equitable relief provided by law in addition to her attorney fees and costs pursuant to 29 U.S.C. §216.

**Tenth Claim for Relief**
**Failure to Pay Wages – ORS 652.120**
**(Against All Defendants)**

71.

All previous paragraphs are incorporated by reference herein.

MEYER EMPLOYMENT LAW
1000 SW BROADWAY STE 2300
PORTLAND, OR 97205
VOICE: (503) 459-4010
FAX: (503) 512-5022

72.

The facts set forth above establish that Defendant failed to pay Plaintiff all wages due and owing to her on their regular paydays, therefore violating ORS 652.120(1).

73.

Upon receiving notice of Plaintiff's unpaid wages, Defendant failed to pay Plaintiff any undisputed amounts within the time allotted in ORS 652.120(5).

74.

Pursuant to ORS 652.200(2), Plaintiff is entitled to an award of her unpaid wages, plus costs and reasonable attorney fees.

**Eleventh Claim for Relief**
**Oregon Unpaid Wages Upon Termination – ORS 652.140**
**(Plaintiff Against All Defendants)**

75.

All previous paragraphs are incorporated by reference herein.

76.

Pursuant to ORS 652.140, Defendant was required to pay Plaintiff all wages and penalty wages due upon termination of her employment by the applicable statutory deadline(s) but willfully failed to do so.

77.

For such violation(s), Plaintiff is entitled to collect all wages remaining due, in an amount to be proven at trial, together with attorneys' fees and costs, as well as pre- and post-judgment interest, and the 30 days of statutory penalty wages provided by ORS 652.150 and ORS 652.200.

**COMPLAINT**

MEYER EMPLOYMENT LAW
1000 SW BROADWAY STE 2300
PORTLAND, OR 97205
VOICE: (503) 459-4010
FAX: (503) 512-5022

**Twelfth Claim for Relief**
**OSLA Sick Leave Retaliation/Discrimination – ORS 653.641(2)**
**(Against All Defendants)**

78.

Plaintiff re-alleges and incorporates by reference the prior paragraphs of this complaint.

79.

ORS 653.641(2) makes it unlawful for an employer to discriminate or retaliate against an employee for using, attempting to use, or inquiring about protected sick time.

80.

Defendant interfered with, discriminated against and/or retaliated against Plaintiff for invoking, utilizing and/or attempting to utilize protected sick time throughout her employment both for herself and for her children, by taking adverse employment action, including oppressive work conditions and termination against Plaintiff in response to Plaintiff's request to use or use of qualifying sick time.

81.

On one occasion in December 2022, in a text exchange where Doyle derided Plaintiff's failure to fulfill excessive job duties, instead of validating the oppressive work conditions, Doyle stated that the work "really seem[ed] to affect" Plaintiff, that the management work had "intense energy," and that Plaintiff was "sick. Kids sick…". Plaintiff explained that she was "stressed because that devil phone [] was constantly going off all hours of the night[.]"

82.

Plaintiff reasserts her claims damages set forth above.

**COMPLAINT**

MEYER EMPLOYMENT LAW
1000 SW BROADWAY STE 2300
PORTLAND, OR 97205
VOICE: (503) 459-4010
FAX: (503) 512-5022

**Thirteenth Claim for Relief**
**Employment Retaliation - ORS 659A.030(1)(f)**
**(Against All Defendants)**

83.

Plaintiff re-alleges and incorporates by reference the prior paragraphs of this complaint.

84.

ORS 659A.030(1)(f) provides that it is an unlawful practice for any person to "discharge, expel or otherwise discriminate against any other person because that other person has opposed any unlawful practice, or because that other person has filed a complaint" under Chapter 659A.

85.

Defendant violated ORS 659A.030(1)(f) by, without limitation, subjecting Plaintiff to adverse employment actions, including termination, on the basis of her reporting unlawful employment practices to management that resulted in her termination.

86.

Plaintiff reasserts her claims for damages set forth above.

**Fourteenth Claim for Relief**
**Wrongful Discharge**
**(Against All Defendants)**

87.

Plaintiff re-alleges and incorporates by reference the prior paragraphs of this complaint.

88.

An employer commits the tort of wrongful discharge by, among other actions, terminating an employee "for exercising a job-related right that reflects an important public policy." *Yeager v. Providence Health System*, 96 P.3d 862, 865 (Or. App. 2004) (citation omitted).

MEYER EMPLOYMENT LAW
1000 SW BROADWAY STE 2300
PORTLAND, OR 97205
VOICE: (503) 459-4010
FAX: (503) 512-5022

89.

At all material times, the public policy of Oregon prohibited an employer from retaliating and discriminating against Plaintiff for inquiring about her wages, complaining about oppressive work conditions and improper pay, sexism, marital status discrimination, safety/hygiene issues of patients, and/or invoking the provisions of OFLA and Oregon's Sick Time Law.

90.

This public policy is embodied in the common law, statutes, and regulations of the State of Oregon including, but not limited the statutes delineated in the prior counts, and the rules implementing those statutes.

91.

Defendant subjected Plaintiff to a wrongful discharge by, without limitation, terminating Plaintiff's employment on the basis of her use of one or more of the work-related rights delineated above.

92.

Plaintiff reasserts her claims for damages set forth above.

## **JURY TRIAL DEMAND**

Plaintiff demands a jury trial on all claims and issues to the extent allowed under the law.

### **Prayer for Relief**

WHEREFORE, Plaintiff prays for judgment against Defendant for economic damages, non-economic damages, punitive damages, costs and attorneys' fees pursuant to ORS 654.062, ORS 659A.885 and ORS 20.107 as alleged in the claims stated above.

MEYER EMPLOYMENT LAW
1000 SW BROADWAY STE 2300
PORTLAND, OR 97205
VOICE: (503) 459-4010
FAX: (503) 512-5022

Plaintiff also prays for injunctive relief prohibiting Defendant from engaging in further employment discrimination, retaliation, or interference with respect to employee whistleblowing. Plaintiff further prays for such other relief as the court deems just and equitable.

Dated: April 1, 2024.                    **MEYER EMPLOYMENT LAW**

                                         *s/Robert K. Meyer*
                                         Robert K. Meyer, OSB No. 086470
                                         Robert@oregonworkplacelaw.com

                                         *Of Attorneys for Plaintiff*

MEYER EMPLOYMENT LAW
1000 SW BROADWAY STE 2300
PORTLAND, OR 97205
VOICE: (503) 459-4010
FAX: (503) 512-5022